# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

THE DELAWARE AUCTIONEERS )
ASSOCIATION, )
                     )
       Plaintiff, )
                     )
       v. )   C.A. No. N15C-04-012 JRJ
                     )
DELAWARE REAL ESTATE )
COMMISSION, )
                     )
       Defendant. )

## ORDER

**AND NOW TO WIT**, this 21st day of December, 2015, upon consideration of Defendant's Motion to Dismiss;[1] and Plaintiff's Response thereto,[2] **IT APPEARS THAT**:

1.      Pursuant to 24 *Del. C.* § 2901, "the practice of providing real estate services" is reserved for those "duly licensed under this chapter." Section 2901 enumerates several exceptions to the licensing requirement for providing "real estate services," including one for "auctioneers." In its Complaint, Plaintiff Delaware Auctioneers Association challenges regulations promulgated by Defendant Delaware Real Estate Commission concerning the

---

[1] Motion to Dismiss of the Delaware Real Estate Commission ("Def.'s Mot. Dismiss") (Trans. ID. 57181689); Defendant Delaware Real Estate Commission's Reply Brief in Support of Motion to Dismiss (Trans. ID. 57466400).

[2] Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Trans. ID. 57390982).

24 *Del. C.* § 2901(e)(4) exception for "auctioneers."[3] Specifically, Plaintiff asserts that § 2901(e)(4) is a blanket exemption for "auctioneers,"[4] and, therefore, Defendant does not have the authority to implement regulations which purport to clarify "the complete, clear unambiguous and blanket exemption provided to 'auctioneers.'"[5]

2. Defendant moves to dismiss on two grounds: (1) Plaintiff lacks the necessary organizational standing to challenge the regulations;[6] and (2) Plaintiff fails to state a claim[7] because the Real Estate Commission has the authority to clarify through regulation the statutory exemption for "auctioneers" "engaged in the business of crying sales."[8]

3. "An organization may sue on behalf of its members if 1) the interests to be protected by the suit are germane to the organization's purpose; and 2) neither the claim asserted nor the relief requested requires the participation of individual members; and 3) the organization's members would otherwise have

---

[3] Complaint (Trans. ID. 57005823).
[4] 24 *Del. C.* § 2901(e)(4).
[5] Compl. ¶ 17; Pl.'s Resp. at 1 (stating that Plaintiff is seeking declaratory relief from 24 *Del. Admin. C.* 2900 §§ 1.4.1–1.4.1.3, 8.3 and 8.4.1).
[6] An allegation of lack of standing is an allegation that the Court lacks jurisdiction. *See Dover Historical Soc. v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003) ("The term 'standing' refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance."); Super. Ct. Civ. R. 12(b)(1).
[7] Super. Ct. Civ. R. 12(b)(6).
[8] *See* 24 *Del. C.* § 2906(a) ("The [Delaware Real Estate] Commission shall have the authority to: (1) Formulate rules and regulations . . . all rules and regulations shall be promulgated in accordance with the procedures specified in the Administrative Procedures Act, Chapter 101 of Title 29. Each rule or regulation shall implement or clarify a specific section of this chapter.").

standing."[9]  Defendant maintains that Plaintiff does not meet the third requirement because Plaintiff has not pled an "injury in fact" on behalf of its members.[10]

4.    The Delaware Auctioneers Association is a trade association for auctioneers.  Members of the Association are engaged in auctioneering pursuant to 24 *Del. C.* § 2901(e)(4) and are, therefore, subject to the challenged regulations.[11]

5.    In pertinent part, 29 *Del. C.* § 10141 reads: "Any person *aggrieved by* and claiming the unlawfulness of any regulation may bring an action in the Court for declaratory relief."  In *Baker v. Delaware Department of Natural Resources*, this Court found that, "[a]n 'aggrieved' person for purposes of contesting regulations must be a person or entity subject to the regulations."[12]  But, "[t]he person or entity need not have suffered an injury in fact before being able to challenge the regulations."[13]  In this case, Plaintiff is a trade association representing auctioneers, the group subject to the regulations.  Accordingly,

---

[9] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 902 (Del. 1994).

[10] Def.'s Mot. Dismiss ¶¶ 10–11.

[11] Compl. ¶¶ 2–3.

[12] *Baker v. Delaware Dep't of Natural Res. & Envtl. Control*, 2015 WL 5971784, at *10 (Del. Super. 2015); *see The Am. Ins. Ass'n v. Delaware Dept. of Ins.*, 2007 WL 7141309 (Del. Super. 2007) ("The standing provision states that '[a]ny person aggrieved by and claiming the unlawfulness of any regulation may bring an action in the [Superior] Court for declaratory relief.' Contrary to the defendant's contentions, the statute does not require the appeal to be limited to a party that can demonstrate injury in fact. *That standard is applicable only when a standing provision requires that the party seeking relief be substantially affected by the conduct of the agency in question.*").

[13] *Baker*, 2015 WL 5971784, at *10.

Plaintiff is "aggrieved" by the contested regulations, and, therefore, has standing pursuant to § 10141 to challenge the lawfulness of the regulations.

6. Defendant also argues that Plaintiff fails to state a claim because Defendant acted within its statutory authority in promulgating the Regulations.[14] On a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), "all well-pleaded allegations must be accepted as true," and if the plaintiff can recover "under any reasonably conceivable set of circumstances susceptible of proof under the complaint," the motion to dismiss will be denied.[15]

7. Under the Delaware Administrative Procedure Act, "[a]ny person aggrieved by and claiming the unlawfulness of any regulation may bring an action in the [Superior] Court for declaratory relief," if the challenge is brought "within [thirty] days of the day the agency order with respect to the regulation was published in the Register of Regulations."[16] Plaintiff has sufficiently pled that it is "aggrieved" by the regulations, it is seeking declaratory relief, and Plaintiff filed its Complaint within thirty days of when the Regulations were published.[17] Thus, Plaintiff has stated a claim upon which relief can be granted and dismissal is not warranted under Rule 12(b)(6).

---

[14] Def.'s Mot. Dismiss ¶¶ 1–9.

[15] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[16] 29 *Del. C.* § 10141.

[17] The Complaint was filed on April 1, 2015, the same day that 18 *Del. Reg.* 789–794 was published.

4

8.     Finally, Defendant's assertions that the regulations are proper go to the merits and are appropriate for summary judgment.

**NOW THEREFORE**, for the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

_____
Jan. R. Jurden, President Judge